# United States Court of Appeals for the Fifth Circuit

JOHN HARVEY SCHNEIDER, *INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED.*

*Plaintiffs-Respondents,*

v.

NATERA, INC., MORGAN STANLEY & CO. LLC, GOLDMAN SACHS & CO. LLC, COWEN AND COMPANY, LLC, SVB LEERINK LLC, ROBERT W. BAIRD & CO., BTIG, LLC, AND CRAIG-HALLUM CAPITAL GROUP LLC,

*Defendants-Petitioners.*

On Petition for Permission to Appeal from the United States District Court for the Western District of Texas (Case No. 1:22-cv-00398-DAE)

## REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)

Danny S. Ashby
**O'MELVENY & MYERS LLP**
2501 N. Harwood Street
Dallas, Texas 75201
(972) 360-1900

Jonathan Rosenberg
Anton Metlitsky
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas
New York, NY 10019
(212) 326-2000

*Counsel for Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, Cowen and Company, LLC, SVB Leerink LLC, Robert W. Baird & Co., BTIG, LLC, and Craig-Hallum Capital Group LLC*

[Additional counsel listed on following page]

Eric R. Hail
Ted A. Huffman
**KATTEN MUCHIN
ROSENMAN LLP**
2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201
(972) 360-1900

*Counsel for Natera, Inc.*

Bruce G. Vanyo
Christina L. Costley
**KATTEN MUCHIN
ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
(310) 788-4400

**Amended Certificate of Interested Persons**

Case No. 25-90009

*Schneider v. Natera, Inc.*, No. 1:22-cv-00398-DAE (W.D. Tex.)

The undersigned counsel of record for Defendants-Petitioners certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Defendant-Petition:** Defendant-Petitioner is Natera, Inc.

2. **Defendant-Petitioner:** Defendant-Petitioner is Morgan Stanley & Co. LLC. Other interested entities are Morgan Stanley Domestic Holdings, Inc.; Morgan Stanley Capital Management, LLC; Morgan Stanley; and Mitsubishi UFJ Financial Group, Inc.

3. **Defendant-Petitioner:** Defendant-Petitioner is Goldman Sachs & Co. LLC. The other interested entity is The Goldman Sachs Group, Inc.

4. **Defendant-Petitioner:** Defendant-Petitioner is Cowen and Company, LLC. Other interested entities are Cowen Inc.; Toronto Dominion Holdings (U.S.A.), Inc.; TD Group US Holdings LLC; and The Toronto-Dominion Bank.

5. **Defendant-Petitioner**: Defendant-Petitioner is SVB Leerink LLC. Other interested entities are SVB Securities Holdings LLC and SVB Financial Group.

6. **Defendant-Petitioner**: Defendant-Petitioner is Robert W. Baird & Co. Other interested entities are Baird Financial Corporation and Baird Financial Group, Inc.

7. **Defendant-Petitioner**: Defendant-Petitioner is BTIG, LLC. The other interested entity is Condor Trading L.P.

8. **Defendant-Petitioner**: Defendant-Petitioner is Craig-Hallum Capital Group LLC. The other interested entity is Craig-Hallum Holdings LLC.

9. **Counsel for Defendant-Petitioner Natera, Inc.**: Katten Muchin Rosenman LLP (Eric R. Hail, Ted A. Huffman, Bruce G. Vanyo, and Christina L. Costley).

10. **Counsel for the Defendants-Petitioners Underwriters**: O'Melveny & Myers LLP (Danny S. Ashby, Jonathan Rosenberg, and Anton Metlitsky).

11. **Plaintiffs-Respondents**: Plaintiffs-Respondents are British Airways Pension Trustees Limited ("BAPTL") and Key West Police & Fire Pension Fund ("Key West"), who allege a Section 12(a)(2) claim under the Securities Act of 1933 ("Securities Act") on behalf of a putative class of investors certified by the District Court as "[a]ll persons and entities who purchased or

otherwise acquired Natera common stock between February 27, 2020, and March 8, 2022, inclusive, and were damaged thereby," with certain exclusions of defendants and related persons and entities. Order at 9, ECF No. 178.

12. **<u>Counsel for Plaintiffs-Respondents</u>**: Counsel for Plaintiff-Respondent BAPTL is Kessler Topaz Meltzer & Check, LLP (Joshua E. D'Ancona, Gregory M. Castaldo, Joshua A. Materese, Evan R. Hoey, and Vanessa M. Milan) and counsel for Plaintiff-Respondent Key West is Bernstein Litowitz Berger & Grossmann LLP (Jesse Jensen). Liaison class counsel for Plaintiff-Respondent BAPTL is Nix Patterson, LLP (Jeffrey John Angelovich, Cody Hill, Jessica Underwood).

13. **<u>Other Parties in Interest</u>**:

   a. Natera Individual Defendants:

      i. Steve Chapman

      ii. Michael Brophy

      iii. Matthew Rabinowitz

      iv. Ramesh Hariharan

      v. Roy Baynes

      vi. Monica Bertagnolli

      vii. Jonathan Sheena

viii.  Row Chapman

  ix.  Herm Rosenman

   x.  Gail Marcus

  xi.  James I. Healy

 xii.  Todd Cazzens

xiii.  Roelof F. Botha

xiv.  Paul R. Billings

b.  Counsel for the Natera Individual Defendants:  Katten Muchin

Rosenman LLP (Eric R. Hail, Ted A. Huffman, Bruce G. Vanyo, and

Christina L. Costley)

Dated: April 24, 2025

KATTEN MUCHIN
ROSENMAN LLP

Eric R. Hail
Ted A. Huffman
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
T: (214) 765-3600
F: (214) 765-3602

Bruce G. Vanyo
Christina L. Costley
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
T: (310) 788-4400
F: (310) 788-4471

*Counsel for Defendant-Petitioner
Natera, Inc.*

O'MELVENY & MYERS LLP

By: /s/ *Danny S. Ashby*
    Danny S. Ashby
    dashby@omm.com
    2501 N. Harwood Street
    Suite 1700
    Dallas, Texas 75201
    T: (972) 360-1900
    F: (972) 360-1901

    Jonathan Rosenberg
    Anton Metlitsky
    jrosenberg@omm.com
    ametlitsky@omm.com
    1301 Avenue of the Americas
    Suite 1700
    New York, New York 10019
    T: (212) 326-2000
    F: (212) 326-2061

    *Counsel for Defendants-Petitioners
    Morgan Stanley & Co. LLC,
    Goldman Sachs & Co. LLC, Cowen
    and Company, LLC, SVB Leerink
    LLC, Robert W. Baird & Co., BTIG,
    LLC, and Craig-Hallum Capital
    Group LLC*

# Table of Contents

I.   Preliminary Statement ...................................................................................1

II.  Argument .........................................................................................................3

   A.   Plaintiffs' Opposition fails to Defend the District Court's Order
        Certifying a Securities Act Section 12(a)(2) Claim Class
        Without  Proof of Plaintiffs' Standing. ................................................3

   B.   The District Court's Order Raises a Novel Legal Question of
        Class Action Law Requiring Immediate Appeal Under Rule
        23(f). ....................................................................................................8

   C.   A Limited Discovery Stay Applicable to the Underwriter
        Defendants Pending Appeal is Appropriate. .....................................10

III. Conclusion .....................................................................................................11

# Table of Authorities

## Cases

*Allen v. C & H Distrib., L.L.C.*, 813 F.3d 566 (5th Cir. 2015)..................................9

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013) .........................5

*Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405 (5th Cir. 2008) .........5

*Cole v. Gen. Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007) ................................6

*De Ford v. Koutoulas*, 2025 WL 948510 (M.D. Fla. Mar. 28, 2025) ......................6

*DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223 (9th Cir. 2024), *cert. denied*, 220 L. Ed. 2d 381 (Jan. 13, 2025) ..................................................................................5

*Flecha v. Medicredit, Inc.*, 946 F.3d 762 (5th Cir. 2020).........................................4

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ..............................................6

*Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir. 2008) ...........................5

*In re Cobalt Int'l Energy, Inc. Secs. Litig.*, 2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) .......................................................................................................................10

*In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014).........................................6

*In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171 (N.D. Cal. 2017)...................6

*In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267 (S.D.N.Y. 2003) ........................6

*Kostka v. Dickey's Barbecue Rests., Inc.*, 2022 WL 16821685 (N.D. Tex. Oct. 14, 2022), *report and recommendation adopted*, 2022 WL 16821665 (N.D. Tex. Nov. 8, 2022) ..............................................................................................................6

*Levitin v. A Pea In The Pod, Inc.*, 1997 WL 160184 (N.D. Tex. Mar. 31, 1997) .....7

*Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp.*, 731 F. Supp. 2d 689 (S.D. Ohio 2010)..................................................8

*Plumbers' Union Loc. No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762 (1st Cir. 2011) ................................................................................8

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) ...................9

*Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372 (5th Cir. 2007)...............................................................................................................8

*Rivera v. Wyeth-Ayerst Lab'ys*, 283 F.3d 315 (5th Cir. 2002) ................................4

*Seeligson v. Devon Energy Prod. Co., L.P.*, 761 F. App'x 329 (5th Cir. 2019) .......3

*Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664 (5th Cir. 2020) .............................5

*Unger v. Amedisys Inc.*, 401 F.3d 316 (5th Cir. 2005) .............................................4

*Verde Mins., LLC v. 1893 Oil & Gas, Ltd.*, 2020 WL 3546879 (S.D. Tex. Apr. 1, 2020)................................................................................................................6

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2016 WL 4138613 (E.D. Pa. Aug. 4, 2016) ...........................................................................................8

**Rules**

Fed. R. Civ. P. 23(f) Advisory Committee Note ........................................................4

**Treatises**

1 McLaughlin on Class Actions § 4:28 .....................................................................8

Pursuant to Federal Rule of Appellate Procedure 27(a)(4), Petitioners respectfully submit this reply brief in further support of their Rule 23(f) Petition.[1]

## I.    Preliminary Statement

Plaintiffs' Opposition confirms why immediate review of the District Court's class certification order is warranted.  The Opposition doubles down on the District Court's conclusion that Plaintiffs were required only to allege—not prove—their standing to achieve certification of a class under Section 12(a)(2) of the Securities Act.  But they cannot actually defend that decision on the merits.  They cannot contest the Supreme Court's and this Court's mandate that allegations of facts necessary to certify a class (like the representative's adequacy and typicality) are not enough—actual proof is required.  And they offer no good reason why that rule would not apply to standing (which implicates the representative's adequacy and typicality).  The District Court's class certification decision thus rests on just the sort of novel legal question that warrants immediate appeal under Rule 23(f).

Moreover, as explained in the Petition without any real response from Plaintiffs, review here is especially warranted for two additional reasons.  *First*, the District Court's decision significantly alters the delicate balance Congress struck in Section 12(a)(2) by allowing a broad near-strict liability claim, but only for a

---

[1] This brief retains all defined terms in the Petition.

narrow class of plaintiffs who (unlike Plaintiffs here) can prove that they purchased securities from a statutory seller (like the Underwriters here). *Second*, the District Court's decision implicates an issue centrally relevant to class-certification law—i.e., that courts must conduct a "rigorous analysis" of a claim's amenability to classwide adjudication to avoid erroneous class certifications that impose unwarranted settlement pressure on defendants. Plaintiffs' argument that there will be no such pressure here is both incorrect (because exposing defendants who should be dismissed to millions of dollars in discovery costs necessarily increases settlement pressure) and misses the point—the District Court's approach, if followed by other courts, would ensure routine erroneous certification of Securities Act classes, risking the very sorts of extortionate settlements the Supreme Court has recognized are endemic to class actions. The Supreme Court designed the class-certification rules—including by requiring proof rather than mere allegations at the certification stage—to avoid the precise result the District Court's decision invites.

This Court's immediate review—and, despite Plaintiffs' illogical contrary argument, a stay—is thus warranted and, indeed, necessary. The Petition should be granted.

## II. Argument

### A. Plaintiffs' Opposition fails to Defend the District Court's Order Certifying a Securities Act Section 12(a)(2) Claim Class Without Proof of Plaintiffs' Standing.

Plaintiffs do not seriously dispute that they cannot satisfy Rule 23(a)'s typicality or adequacy prerequisites if they cannot establish their statutory standing to bring a Section 12(a)(2) claim. *See* Pet. 3, 11–12; *see also Seeligson v. Devon Energy Prod. Co., L.P.*, 761 F. App'x 329, 334 (5th Cir. 2019) (cited in Opp. at 8) (Plaintiffs "have the burden of showing that Rule 23's requirements are met."). They nevertheless maintain that it is sufficient at the class-certification stage for them merely to *allege* (rather than prove) that they purchased securities in the SPO from a statutory seller. Opp. at 11. That argument is irreconcilable with Supreme Court precedent and with the holding of at least one other court of appeals. In all events, though, Plaintiffs' insistence that the District Court correctly certified a class based on allegations of standing alone is exactly the type of unsettled or novel legal question for which Rule 23(f) was intended (and where reversal would result in disposition of the action against an entire set of defendants). *See* Fed. R. Civ. P. 23(f) Advisory Committee Note. Plaintiffs' Opposition, in other words, confirms the basic case for this Court's immediate review.

1. As the Petition explained, Plaintiffs cannot satisfy Rule 23(a)'s typicality or adequacy requirements without establishing Section (12)(a)(2) standing. Pet. at

12–14.  Plaintiffs argue that standing "is a distinct inquiry" and not specifically
mentioned in Rule 23.  That is true, but irrelevant.  Plaintiffs offer no argument for
how they could be typical of the class of SPO purchasers they seek to represent—
or adequate representatives of such a class—if they cannot even establish that they,
too, are SPO purchasers and thus have standing to bring the same claim as every
other putative class member.  Indeed, this Court has held that establishing standing
is an "inherent prerequisite" to class certification.  *Rivera v. Wyeth-Ayerst Lab'ys*,
283 F.3d 315, 319 (5th Cir. 2002).[2]  That conclusion is enhanced for Section
12(a)(2) claims by Congress's specific conclusion that only purchasers in the
challenged offering from a statutory seller can have standing to bring such claims.
*See* Pet at 6–7.

The question here, then, is not *whether* Plaintiffs must establish their
standing as a prerequisite to class certification, but rather *how* they are allowed to
do so.  Plaintiffs contend—and the District Court agreed—that they can satisfy
their burden simply by *alleging* that they purchased Natera shares from one of the
several statutory sellers against whom they bring a Section 12(a)(2) claim.  But
that is wrong:  this Court requires proof at class certification beyond "bare
allegations."  *Unger v. Amedisys Inc.*, 401 F.3d 316, 321, 325 (5th Cir. 2005)

---

[2] In *Flecha v. Medicredit, Inc.* (cited in Opp. at 15, n.6), the Court merely
held that there was no need to separately decide standing because the class did not
meet other Rule 23 requirements.  946 F.3d 762, 769 (5th Cir. 2020).

(stating that "plain text of Rule 23 requires the court to 'find,' not merely assume, the facts favoring class certification"); *see also Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). And that principle applies to standing because without it, the proposed representative cannot satisfy Rule 23(a)'s typicality or adequacy requirements. Pet. at 12–14. Moreover, the Ninth Circuit has held that "although standing may be established at the pleading stage through allegations in the complaint, . . . [b]ecause the preponderance of the evidence standard applies at the class certification stage, standing at the time of class certification must be established by a preponderance of the evidence." *DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240 (9th Cir. 2024), *cert. denied*, 220 L. Ed. 2d 381 (Jan. 13, 2025).

Plaintiffs have no real response to this legal argument. They say that there is "settled Fifth Circuit law" supporting their position that mere allegations are sufficient to confer standing sufficient for class certification of a Section 12(a)(2) claim. Opp. at 12. But their cases are inapplicable.[3] Unlike cases where plaintiffs

---

[3] Plaintiffs' cases stating that statutory standing is a "merits" inquiry do not even address class certification, let alone for Section 12(a)(2) plaintiffs. *See Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008); *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666 (5th Cir. 2020). And the Supreme Court's directive in *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455, 466 (2013), that courts not engage in "free-ranging merits inquiries," must be read with its directive that courts perform "a rigorous analysis" of Rule 23's requirements (including adequacy and typicality), *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Defendants do not request "free-ranging"

either conceded that they did not prove their Section 12(a)(2) standing or their standing was uncontested,[4] Plaintiffs' proof of standing is squarely in dispute here. And "[e]videntiary proof is required on disputed issues as there are no presumptions in favor of class certification." *Verde Mins., LLC v. 1893 Oil & Gas, Ltd.*, 2020 WL 3546879, at *1 (S.D. Tex. Apr. 1, 2020).

Nor do Plaintiffs have any factual response. They acknowledge that the only *evidence* Key West proffered is a "sworn certification confirm[ing] that it bought shares of Natera common stock at a price of $113.00 on July 22, 2022," Opp. at 4–5—implicitly conceding they have no evidence of the required purchase from a statutory seller. So rather than offering that proof of standing, they attempt to saddle *Defendants* with the burden of *disproving* standing at class certification,

---

merits inquiry, only that Plaintiffs provide proof of a disputed threshold class representative requirement.

Likewise unavailing are Plaintiffs' citation to cases regarding Article III standing. *In re Deepwater Horizon* addressed the absent class members', not proposed class representative's, standing. 739 F.3d 790, 803 (5th Cir. 2014). And *Cole v. General Motors Corp.*, addressed whether plaintiff's Article III standing was "speculative," not the proof required for 12(a)(2) standing. 484 F.3d 717, 723 (5th Cir. 2007); *see also Kostka v. Dickey's Barbecue Rests., Inc.*, 2022 WL 16821685, at *4 (N.D. Tex. Oct. 14, 2022) (standing judged based on complaint's allegations where "the parties settled at the pleading stage of the litigation"), *report and recommendation adopted*, 2022 WL 16821665 (N.D. Tex. Nov. 8, 2022).

[4] *See In re Lendingclub Sec. Litig.*, 282 F. Supp. 3d 1171, 1180 (N.D. Cal. 2017) (plaintiff's share purchase under allegedly misleading registration statement "uncontested"); *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 283 (S.D.N.Y. 2003) ("no dispute that [plaintiff] bought bonds in the Offering"). Plaintiffs' other out-of-circuit case addresses Section 12(a)(1) standing. *De Ford v. Koutoulas*, 2025 WL 948510, at *3 (M.D. Fla. Mar. 28, 2025).

faulting Defendants for not "pursu[ing] discovery" on the complaint's allegation of a purchase from Morgan Stanley. Opp. at 16–17. But it is Plaintiffs' burden to prove their standing to pursue a Section 12(a)(2) class claim. And they repeatedly failed to do so, such as by producing trading records or even an affidavit evidencing a purchase of SPO shares from an Underwriter. *See* Pet. at 15–16 & n.3 (citing cases).

2. Moreover, while Plaintiffs erroneously contend that their allegations of a purchase from Morgan Stanley suffices at the class certification stage, they do not even *allege*—let alone offer evidence—that they purchased SPO shares from any of the other six Underwriters they sue. *See* Opp. at 17. And contrary to Plaintiffs' contention (*id.* at 21 n.8), *Levitin v. A Pea In The Pod, Inc.* rejected Section 12(a)(2) class certification against statutory sellers not alleged to have sold to the class representative, 1997 WL 160184, at *7 (N.D. Tex. Mar. 31, 1997) (certify[ing] "class representative *only* with respect to the claim against defendant [from whom he purchased shares]" (emphasis added)). As a leading treatise notes, in all "multi-defendant case[s], a putative class representative must allege that he or she has been injured ***by the conduct of each defendant*** to establish standing." 1 McLaughlin on Class Actions § 4:28 (emphasis added).[5]

_____

[5] Contrary to the Opposition (at 20), nothing in *Fifth Third Bancorp.* suggests that class certification is proper where a plaintiff fails even to plead Section 12(a)(2) standing. Rather, the court concluded that failure to allege a

## B. The District Court's Order Raises a Novel Legal Question of Class Action Law Requiring Immediate Appeal Under Rule 23(f).

Immediate appeal under Rule 23(f) is appropriate when a "certification decision turns on a novel or unsettled question of law." Pet. at 10 (quoting *Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 379 (5th Cir. 2007)). That standard is readily satisfied here. As explained above, the general rule is that mere allegations of a fact necessary to prove an entitlement to class certification—such as standing—do not suffice at the class-certification stage. The Ninth Circuit has expressly held that proof of standing for a proposed class representative (rather than mere allegations) is required. *See supra* at 5. The question presented is a pure issue of law.[6] And absent immediate review, the decision below would establish an entirely novel rule allowing class certification

---

purchase from a statutory seller required dismissal of that claim. *Loc. 295/Loc. 851 IBT Emp. Grp. Pension Tr. & Welfare Fund v. Fifth Third Bancorp.*, 731 F. Supp. 2d 689, 712–13 (S.D. Ohio 2010).

*Nomura* also does not help Plaintiffs. While the court described instances where standing concerns "may vanish," those concerns still required dismissal of claims against parties from whom no purchase was alleged. *See* Opp. at 20 (quoting *Plumbers' Union Loc. No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 769 (1st Cir. 2011)). And in *DFC Global*, standing was based on *evidence* of the date, price, *and statutory seller* of offering shares. *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, 2016 WL 4138613, at *10 (E.D. Pa. Aug. 4, 2016).

[6] Plaintiffs argue that the abuse-of-discretion standard applies, Opp. at 15–16, but erroneously deciding a question of law is necessarily an abuse of discretion, as Plaintiffs' own case explains. *Allen v. C & H Distrib., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (court abuses discretion if it "relies on erroneous conclusions of law").

without any proof of Section 12(a)(2) standing. This is exactly the sort of case for which Rule 23(f) was designed.

Moreover, review here is especially warranted for two reasons.

First, Plaintiffs do not dispute that proof of purchase in the offering from a statutory seller is a crucial aspect of Section 12(a)(2)'s congressional balance. *See* Pet. at 2. By allowing a Section 12(a)(2) class to be certified without even requiring the named Plaintiffs to prove that they actually have Section 12(a)(2) standing, the District Court has effectively *expanded* the universe of Section 12(a)(2) litigants Congress shrank. This Court's review is necessary to ensure that district courts in this Circuit faithfully enforce that balance.

Second, the entire purpose of Rule 23(f) is to allow expedited review of questions critical to class-certification law. Whether class certification requires proof rather than mere allegations of standing is just such a question, as Plaintiffs' own case illustrates. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1267 (11th Cir. 2000) (granting Rule 23(f) appeal and requiring district court "ensure that at least one [] named class representative[] possesses the requisite individual or associational standing" for each claim). Requiring proof rather than mere allegations of facts necessary to satisfy Rule 23 ensures that district courts decide *at the class certification stage* whether a claim is actually (not just allegedly) amenable to classwide adjudication—thereby avoiding unwarranted

settlement pressure on defendants.  *See* Pet. at 17.  Plaintiffs' response is that class

certification might not result in undue pressure to settle *this case*.  Opp. at 9.  That

position is facially absurd, as imposing expensive and burdensome discovery for

*seven* Underwriters coerces early settlement.  But it also misses the point—the

District Court announced a legal rule that, if followed, would result in widespread

improper certification of classes in this Circuit, imposing undue settlement

pressure on defendants in various cases.  The rule requiring proof rather than

allegations at the class-certification stage is meant to avoid precisely that result,

which makes the District Court's decision ignoring that rule worthy of immediate

appeal.

### C. A Limited Discovery Stay Applicable to the Underwriter Defendants Pending Appeal is Appropriate.

A stay of discovery against the Underwriters is appropriate while this

Petition is pending.  Pet. at 20–21.  The case Plaintiffs cite in arguing that

discovery costs are not a basis for a stay, *In re Cobalt International Energy, Inc.*

*Securities Litigation*, actually underscores why a stay is appropriate, because

discovery there would "be necessary whether or not the appeal [was] successful."

2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017).  Here, by contrast, a

successful appeal would mean that all the expensive discovery Plaintiffs are

pursuing against *seven* Underwriters would have been for nothing.

## III.    Conclusion

The Court should grant the relief requested in the Petition.

Dated:  April 24, 2025

KATTEN MUCHIN
ROSENMAN LLP

Eric R. Hail
Ted A. Huffman
2121 N. Pearl Street, Suite 1100
Dallas, TX 75201
T: (214) 765-3600
F: (214) 765-3602

Bruce G. Vanyo
Christina L. Costley
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
T: (310) 788-4400
F: (310) 788-4471

*Counsel for Defendant-Petitioner
Natera, Inc.*

O'MELVENY & MYERS LLP

By: /s/ *Danny S. Ashby*

Danny S. Ashby
dashby@omm.com
2501 N. Harwood Street
Suite 1700
Dallas, Texas 75201
T: (972) 360-1900
F: (972) 360-1901

Jonathan Rosenberg
Anton Metlitsky
jrosenberg@omm.com
ametlitsky@omm.com
1301 Avenue of the Americas
Suite 1700
New York, New York 10019
T: (212) 326-2000
F: (212) 326-2061

*Counsel for Defendants Morgan
Stanley & Co. LLC, Goldman Sachs
& Co. LLC, Cowen and Company,
LLC, SVB Leerink LLC, Robert W.
Baird & Co., BTIG, LLC, and
Craig-Hallum Capital Group LLC*

## Certificate of Service

I, Danny S. Ashby, hereby certify that a copy of the foregoing document was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit and served upon counsel of record using the appellate CM/ECF system. I also certify that a true and correct copy was served upon the following counsel via electronic mail:

**NIX PATTERSON, LLP**
Cody Hill
Jeffrey J. Angelovich
Jessica Underwood
8701 Bee Cave Road
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 495-1534
codyhill@nixlaw.com
jangelovich@nixlaw.com
junderwood@nixlaw.com

*Liaison Counsel for Lead Plaintiff British Airways Pension Trustees Limited*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Jesse Jensen
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jesse.jensen@blbglaw.com

*Counsel for Additional Named Plaintiff Key West Police & Fire Pension Fund*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Gregory M. Castaldo
Joshua E. D'Ancona
Joshua A. Materese
Evan R. Hoey
Vanessa M. Milan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
gcastaldo@ktmc.com
jdancona@ktmc.com
jmaterese@ktmc.com
ehoey@ktmc.com
vmilan@ktmc.com

*Lead Counsel for Lead Plaintiff British Airways Pension Trustees Limited*

Dated: April 24, 2025

/s/ Danny S. Ashby
Danny S. Ashby

## Certificate of Compliance

I hereby certify that this document complies with Federal Rule of Appellate Procedure 27(d)(2)(C) and 32(g) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, this document contains 2,590 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

Dated: April 24, 2025

*/s/ Danny S. Ashby*
Danny S. Ashby
